UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **ERRICK JERMAINE ARCENEAUX**<br>    **LA. DOC #376350**<br><br>**VS**<br><br>**WARDEN, DIXON CORRECTIONAL**<br>**INSTITUTE** | )<br>)<br>)<br>)<br>)<br>)<br>) | **DOCKET NO. 2:11-cv-0261**<br><br>**SECTION P**<br><br>**JUDGE WALTER**<br><br>**MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

On February 8, 2011, *pro se* petitioner, Errick Jermaine Arceneaux, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections.  He is incarcerated at the Dixon Correctional Institute, Jackson, Louisiana.  Petitioner attacks his 1997 felony convictions in the Fourteenth Judicial District Court, Calcasieu Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.  For the following reasons we have determined that petitioner has failed to state a claim for which relief may be granted.  Accordingly it is recommended that the petition be **DISMISSED WITH PREJUDICE** pursuant to the provisions of Rule 4 of the Rules Governing Section 2254 Habeas Corpus Cases.

### *Background*

Petitioner pled guilty to simple burglary and possession of a schedule II controlled

dangerous substance in 1996 and received concurrent sentences of three and five years which were suspended in cases filed under the Fourteenth Judicial District Court's Docket Numbers 96-cr-016278 and 96-cr-016630.

While still on probation for those charges, petitioner was arrested and charged with 3 counts of armed robbery which were lodged under Docket Numbers 97-cr-008788 (2 counts) and 97-cr-013800 (1 count). On September 19, 1997 petitioner pled guilty to 2 counts of armed robbery. Petitioner's probation was revoked and he was ordered to serve the three and five year suspended sentences concurrently with each other. Additionally, petitioner was sentenced to serve ten years on each armed robbery count concurrent to each other, but consecutive to the formerly suspended sentences. The sentences were ordered served without benefit of parole. Doc. 1, Att. 3, Exhibit 2, pp. 3-4.

On June 29, 2009, petitioner filed a *pro se* Motion to Correct an Illegal Sentence in the Fourteenth Judicial District Court. According to petitioner, he was placed on probation for the burglary and drug charges by Judges Lyons and McLeod. Subsequently, his probation was revoked by Judge Gray because of the guilty plea to the armed robbery charges. Petitioner argues that the issues of probation revocation and whether his sentences should be served concurrently, or consecutively, should have been determined by the original sentencing court. Additionally, petitioner argues that the judges who imposed suspended sentences and probation intended that petitioner receive the benefit of parole and therefore his current sentence was unlawful under Louisiana law. Doc. 1, Att. 3, Exhibit 3, pp. 5-6.

On August 10, 2009, a hearing was convened on the Motion to Correct an Illegal Sentence before Judge Carter of the Fourteenth Judicial District Court. At the conclusion of the

hearing the court ordered the following:

> [T]he defendant is sentenced to serve ten (10) years in the custody of the La. Department of Corrections on each count of Armed Robbery to run concurrent to each other and without benefit of probation, parole, or suspension of sentence. On each probation violation, the Court orders the originally imposed sentences to run concurrent to each other and consecutive to the Armed Robbery sentences with the defendant to be eligible for the benefits of parole on the sentences . . . .

Doc. 1, Att.3, Exhibit 4, p.7. The petitioner then apparently complained about the computation of sentence, or some other action by the Department of Corrections, and the Court advised that any action against the Department must be filed in East Baton Rouge Parish.

Subsequently, petitioner filed a Motion to Appeal in the Fourteenth Judicial District Court seeking review of the sentences in the burglary and possession cases. According to petitioner the district court denied his motion to appeal on March 10, 2010, and the Third Circuit Court of Appeals did likewise on some other unspecified date. The Third Circuit judgments were docketed as numbers KH 09-01217 and KH 09-01404. Petitioner sought review of both judgments in the Louisiana Supreme Court and on January 14, 2011, his writ applications were denied. *Arceneaux v. State of Louisiana*, 2010-0991 (La. 1/14/2011), 52 So.3d 897; *Arceneaux v. State of Louisiana*, 2010-0186 (La. 1/14/2011), 52 So.3d 895.

Petitioner filed the instant *habeas corpus* petition on February 8, 2011. In his petition he alleged first that his "[c]onviction obtained by plea of guilty which was unlawfully induced or made voluntarily with the understanding of the nature of the charge and the consequences of the plea." Doc. 1, ¶12A, p. 4. According to petitioner, when he pled guilty "the judge never clarified (nor) did I understand the consequences of Parole Eligibility ... I didn't know I'll be on parole after completing an armed robbery sentence." *Id.* Petitioner contends that he is entitled to have the concurrent 5 year probation sentences reduced to 2 years and 6 months so that upon

completion of the term he will not be on parole once he completes all sentences. *Id.*

Petitioner next claims that his "[c]onviction [was] obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant." In support of this claim he alleges that on March 10, 2010, he filed a *pro se* motion for contempt of court. After a hearing the court held the Clerk of Court in contempt for refusing to send petitioner a copy of the transcript of the August 10, 2009, hearing on his motion to correct an illegal sentence. According to petitioner the court reporter falsely asserted that she had already sent a copy of the transcript to the petitioner. Petitioner was then apparently provided the copy in court; however, the Dixon Corrections "trip officers" who accompanied petitioner to court, "snatched the transcripts" from petitioner. According to petitioner he litigated this issue in the Supreme Court under Docket No. 2010-KW-0996, however, he has not yet received the transcript and he considers this a *Brady* violation. Doc. 1, ¶12B, pp. 4-5.

Petitioner next claims that his "[c]onviction [was] obtained by a violation of the protection against Double Jeopardy." In support of this claim he argues "I'm complaining about how I had to go through – forced to go through two sentence stipulations (twice) against my will. In 1997, the first stipulations to my plea were all agreeable by me and the prior judge (without the benefit of parole, probation, or suspension of sentence.) In 2009, the second subsequent judge place [another] stipulation added to my sentence to have the benefit of parole on the five year sentence after I had ... finished this five [year] sentence in 1999..." Doc. 1, ¶12C, pp. 6-7.

Petitioner's fourth and final claim is for "[d]enial of right of appeal." In support of this petitioner argues "[t]he only reason why the Third Circuit Court of Appeal denied this Appeal was because the 3rd Circuit alleged that 'due to the fact that this issue should be addressed back

into the District Court because this is only an amended sentence. Writ denied.'" Doc. 1, ¶12D p. 6.

In his memorandum in support, petitioner did not specifically address these four claims but instead argued, "Petitioner believes that he's entitled to a concurrent, (or) a reduction in his sentence where he challenges the prior Judge's mistakes in a plea bargain that wasn't fully developed in subjecting him to serve parole after completing an aggravated armed robbery offense." Doc. 1, Att. 2, p. 2.

## *Law and Analysis*

Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections serving sentences imposed by Louisiana's Fourteenth Judicial District Court Therefore, he is in custody pursuant to the judgment of a state court. He seeks *habeas corpus* relief pursuant to 28 U.S.C. §2254 which provides in pertinent part, "... a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." §2254(a). As shown below, petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.

1. *Claim One – Involuntary Plea*

In his first claim for relief, petitioner argues that his guilty plea was involuntary because he did not understand the consequences of parole eligibility including the fact that he would be on parole after completing an armed robbery sentence.

The documents submitted by petitioner, including the court minutes of September 19,

1997, indicate that petitioner was advised of his rights, that he understood his rights, and that he agreed to plead guilty to two counts of armed robbery. In addition, and as a component of the plea agreement, he admitted that these new convictions were a violation of his probation and he agreed to the revocation of probation without further hearings. Doc. 1, Att. 3, pp. 3-4. In return, he received the benefit of having one armed robbery charge dismissed, having the sentences on the two remaining armed robbery charges run concurrently, and serving the probated sentences consecutive to the armed robbery sentences as provided under Louisiana law.

Article 901(C) of the *Louisiana Code of Criminal Procedure* provides that when a defendant is on probation for a felony and he is thereafter convicted of another felony in Louisiana, "... the sentence shall run consecutively with the sentence for the new conviction, *unless the court originally imposing the suspension or probation specifically orders that said sentences are to be served concurrently, in which case the court minutes shall reflect the date from which the sentences are to run concurrently*." Here, the judges who originally placed petitioner on probation were not involved in the probation revocation proceedings; however, the record is clear that petitioner, through his plea bargain, agreed to serve the probated sentences consecutive to the more recent felony convictions. He also received the benefit of having one charge dismissed and had the sentences imposed on the remaining robbery convictions run concurrent to each other.

That petitioner may have then misunderstood the ramifications of parole eligibility at that time is irrelevant. A habeas petitioner may allege that he had a unilateral, subjective misunderstanding as to the content of his plea bargain; however, any subjective misunderstanding he might have possessed regarding his plea bargain was, by his own

6

admission, not supported by any representations made to the petitioner by the judge, the prosecutor, or by his own attorney.  A guilty plea is not rendered involuntary by the defendant's mere subjective understanding that he would receive a lesser sentence.  *Daniel v. Cockrell*, 283 F.3d 697, 703 (5th Cir.2002).  In other words, if the defendant's expectation of a lesser sentence did not result from a promise or guarantee by the court, the prosecutor, or defense counsel, the guilty plea stands. *Id.*  A petitioner's subjective misunderstanding does not render his guilty plea involuntary.  *Spinelli v. Collins*, 992 F.2d 559, 561 (5th Cir. 1993) (holding a defendant's subjective misunderstanding of his parole eligibility did not render his guilty plea involuntary or unknowing).

   2.  *Claim Two – Failure to Disclose Brady Material*

In his second claim for relief, petitioner asserts that he was denied access to the transcript of his re-sentencing and erroneously concludes that this amounted to a *Brady* violation.

The decision in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), defines the prosecution's minimum duty under the due process clause to ensure a fair trial. *United States v. McKinney*, 758 F.2d 1036, 1049 (5th Cir.1985) (citing *United States v. Campagnuolo*, 592 F.2d 852, 855, 860 (5th Cir.1979)).  Thus, so-called *Brady* claims involve "the discovery, after trial of information which had been known to the prosecution but unknown to the defense." *West v. Johnson*, 92 F.3d 1385, 1399 (5th Cir.1996), cert. denied, 520 U.S. 1242, 117 S.Ct. 1847, 137 L.Ed.2d 1050 (1997) (quoting *United States v. Agurs*, 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976)).

The transcript of the re-sentencing is not *Brady* material.  Further, while petitioner initially faults the prosecution for not providing the transcript, he later faults the Clerk of Court,

the court reporter, and finally, the "trip officers" who transported him from Dixon to Lake Charles for the hearing.

While petitioner is no doubt entitled to a copy of this transcript, his failure to obtain it timely was not the fault of the prosecutor. Furthermore, it appears, from his own version of events, that he was ultimately provided a copy but the copy was "snatched" from him by his guards. It thus does not appear that any of the persons associated with the court – the Judge, prosecutor, court reporter, or Clerk of Court – were culpable with regard to petitioner's not presently having possession of the document.

Additionally, to the extent that corrections officials may have wrongly deprived him of the transcript, that fact – assumed to be true for the purposes of this report – does not establish that petitioner's custody is in violation of the Constitution or laws of the United States. Petitioner's argument concerns fault or error that allegedly occurred after his re-sentencing and as such raises no claim cognizable under 28 U.S.C. § 2254. Federal *habeas corpus* relief cannot be had "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995); *accord* 28 U.S.C. § 2254(a).

### 3. *Claim 3 - Double Jeopardy*

Next, Petitioner claims that the re-sentencing in 2009 violated the Constitution's prohibition against double jeopardy. However, the re-sentencing that occurred in 2009 was the result of petitioner's motion to correct what had been an illegal sentence.

Among other things, petitioner complained that the court erred when it imposed both the armed robbery and probation revocation sentences without benefit of parole. The re-sentencing

recognized and corrected the error. The complained of proceeding did not violate the prohibition against double jeopardy. Re-sentencing to correct an illegal sentence does not implicate double jeopardy rights. *United States v. Denson*, 603 F.2d 1143 (5th Cir. 1979); *Caille v. United States*, 487 F.2d 614 (5th Cir. 1973).

### 4. Claim 4 - Denial of the Right to an Appeal

Finally, petitioner argues that he was denied the right to appeal the re-sentencing.

There is no constitutional right to appeal a criminal sentence. *United States v. Burns*, 433 F.3d 442 (5th Cir. 2005), citing *Jones v. Barnes*, 463 U.S. 745, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983); *United States v. Melancon*, 972 F.2d 566, 567 ("The right to appeal is a statutory right, not a constitutional right.") Under Louisiana law, unless the defendant reserves the right to an appeal, he may not appeal his conviction under a guilty plea since an intelligent plea waives all non-jurisdictional defects. *State v. Crosby*, 338 So.2d 584, 588 (La. 1976) (an unqualified plea of guilty waives all non-jurisdictional defects occurring prior thereto, and precludes review thereof by appeal.) Further, petitioner pled guilty to an agreed upon sentence and therefore, when the agreed upon sentence was ultimately ordered, he had not right to seek review. *See* La. C.Cr.P. art. 881.2(A)(2) ("The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea.") The record submitted by petitioner clearly reflects that the sentences ultimately imposed were agreed to by the petitioner as part of his plea bargain agreement.

In any event, petitioner was not denied the right to seek further review of his sentence. When his motion for appeal was rejected by the District Court and the Court of Appeals, he was able to seek discretionary review in the Louisiana Supreme Court. Clearly, with regard to this

issue, his custody does not violate the Constitution or laws of the United States.

### *Conclusion and Recommendation*

Petitioner has not shown that he is in custody in violation of the Constitution and laws of the United States and therefore, to the extent that he seeks *habeas corpus* relief pursuant to 28 U.S.C. §2254, he has failed to state a claim for which relief may be granted.  Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts since petitioner has failed to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir.  1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  See 28 U.S.C. §2253(c)(2).  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

      THUS DONE this 19th day of September, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE